UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS FROST and KATHRYN FROST,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. 2:17-cv-2428 DB<br><br><br>ORDER |

On March 22, 2019, this action was reassigned to the undersigned pursuant to the parties' consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c)(1). (ECF No. 12.) Pending before the court is defendant's motion to dismiss submitted on May 10, 2019. (ECF No. 17.) For the reasons stated below, defendant's motion to dismiss is granted and plaintiffs' complaint is dismissed without leave to amend.

**BACKGROUND**

Plaintiffs commenced this action on October 13, 2017, by filing a complaint in the Placer County Superior Court. (Compl. (ECF No. 1) at 8.[1]) The complaint alleges that plaintiffs are residents and owners of real property located in Lincoln, California, ("Property"). (Id.) Plaintiffs

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

obtained a loan against the property in September of 2009. (Id. at 9.) On May 7, 2013, plaintiffs met an agent of defendant Wells Fargo Bank, N.A., ("Wells Fargo"). (Id.) The agent offered plaintiffs a loan modification "pursuant to the government HAMP program[.]"[2] (Id.)

Pursuant to that offer, plaintiffs were to make three timely trial plan payments in lieu of their regularly monthly loan payment. (Id.) Once the three trial plan payments were timely made the trial plan payments would become permanent for the duration of the loan. (Id.) Moreover, plaintiffs were informed that "as long as an existing judgment lien against their property was less than $20,000 they would qualify for a HAMP loan modification." (Id.) Plaintiffs accepted the offer. (Id.)

Plaintiffs made the three trial loan payments but were told by defendant's agent "to continue making the same trial plan monthly payments while their permanent modification was being processed." (Id. at 10.) Plaintiffs made a total of eight trial plan payments. (Id.) After making the last of these payments defendant's agent told plaintiffs that defendant "would not be issuing a permanent loan modification" because their was "an existing lien of record against the property[.]" (Id.) The existing lien against the property, however, was for less than $20,000. (Id.)

On January 31, 2014, defendant recorded a Notice of Trustee Sale for February 26, 2014. (Id.) On February 4, 2014, defendant denied plaintiffs' loan modification application in writing but did not advise plaintiffs of their right to appeal. (Id.) Nonetheless, the Trustee Sale did not go forward. (Id.) In November of 2016, the parties entered into a written loan modification. (Id.) The 2016 modification required plaintiffs to pay greater monthly payments than under the terms of the modification plaintiffs accepted in 2014. (Id. at 11.)

Pursuant to these allegations the complaint asserts claims for breach of contract, promissory estoppel, and negligent misrepresentation. (Id. at 11-13.) On November 17, 2017,

---

[2] "The U.S. Department of Treasury ("DOT") established the Home Affordable Modification Program ('HAMP') pursuant to the Emergency Economic Stabilization Act of 2008 ('EESA'), 12 U.S.C. §§ 5201, *et seq*. EESA directed DOT to protect home values and other assets of individuals, to preserve home ownership, to maximize returns to taxpayers, and to provide public accountability." Phipps v. Wells Fargo Bank, N.A., No. CV F 10-2025 LJO SKO, 2011 WL 302803, at *1 (E.D. Cal. Jan. 27, 2011).

defendant removed the matter to this court pursuant to diversity jurisdiction. (Id. at 1.) On November 27, 2017, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) Plaintiffs filed an opposition on February 8, 2018. (ECF No. 9.) Defendant filed a reply on February 14, 2018. (ECF No. 10.) The motion to dismiss was taken under submission by the previously assigned District Judge on February 14, 2018. (ECF No. 11.)

However, on March 22, 2019, this action was reassigned to the undersigned pursuant to the parties' consent and defendant's motion to dismiss was vacated. (ECF Nos. 12 & 13.) Defendant re-noticed the motion to dismiss for hearing before the undersigned on March 27, 2019. (ECF No. 16.) On May 10, 2019, the court took defendant's motion to dismiss under submission. (ECF No. 17.)

## STANDARDS

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

Defendant's motion to dismiss argues, in relevant part, that plaintiffs' complaint must be dismissed because each of the claims therein are time-barred pursuant to the relevant statute of limitations. (Def.'s MTD (ECF No. 5) at 10-14.)  "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)).  In actions based on diversity the court applies the state law statute of limitations. See Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 110 (1945) (noting that, "[a]s to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law").

////

4

Here, plaintiffs' complaint asserts three causes of action: (1) breach of an oral contract; (2) promissory estoppel; and (3) negligent misrepresentation. (Compl. (ECF No. 1) at 8.) Under California law the statute of limitations for claims arising from an alleged breach of an oral contract is two years. See Cal. Code Civ. P. § 339. However, "courts apply [California Code of Civil Procedure § 338's] three-year statute of limitations to negligent misrepresentation claims and contract-related claims, including specific performance, unjust enrichment, and promissory estoppel, when the gravamen of the claims is a defendant's alleged fraud." Wright v. Old Gringo Inc., Case No. 17-cv-1996 BAS MSB, 2018 WL 6568199, at *10 (S.D. Cal. Dec. 13, 2018) (citing Mamola v. JP Morgan Chase Bank, N.A., No. 2:14-cv-2688 MCE EFB, 2015 WL 6951185, at *5 (E.D. Cal. Nov. 10, 2015)).

The complaint alleges that defendant denied plaintiffs' loan modification application on February 4, 2014. (Compl. (ECF No. 1) at 10.) Even assuming, *arguendo*, that the three-year statute of limitations applied to plaintiffs' claims, that statute of limitations ran as of February 4, 2017. The complaint in this action, however, was not filed until October 13, 2017. (Id. at 8.) In this regard, the running of the statute of limitations on plaintiffs' claims is apparent from the face of the complaint.

Plaintiffs argue that "the damages plaintiffs seek is the difference between what they should have received by the prior modification and the increased amount" reflected in the parties' November 2016 loan modification. (Pls.' Opp.'n (ECF No. 9) at 5.) Because that "amount could not have been ascertained or determined until entry into the Modification . . . filing anytime in 2017 was within the statute of limitations." (Id.)

"A cause of action for breach of contract accrues at the time of breach, which then starts the limitations period running." Cochran v. Cochran, 56 Cal.App.4th 1115, 1120 (1997). "[A] cause of action for fraud under California law accrues when a plaintiff has inquiry notice, that is, when he or she 'learns, or at least is put on notice, that a representation is false[.]'" Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1058 (9th Cir. 2008) (quoting Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1207 (9th Cir. 2007)). "It is not necessary that all or even the greater part of the damages have to occur before the cause of action

5

arises." Bell v. Hummel & Pappas, 136 Cal. App. 3d 1009, 1016 (1982), disapproved on other grounds in Laird v. Blacker, 2 Cal. 4th 606, 616 (1992), cert. denied, 506 U.S. 1021 (1992); see also Mamola, 2015 WL 6951185, at *4 ("there is no requirement that damages must fully materialize before a cause of action accrues"); Menefee v. Ostawari, 228 Cal.App.3d 239, 246 (1991) ("a cause of action for breach of contract ordinarily accrues at the time of breach regardless of whether any substantial damage is apparent or ascertainable"); In re Estate of Fincher, 119 Cal.App.3d 343, 352 (1981) ("The general rule is that a suit for breach of an implied agreement accrues at the time of the breach.").

Here, the complaint alleges that plaintiffs "accepted the offer" to modify "the terms of repayment of their loan including monthly payment amount" on May 7, 2013. (Compl. (ECF No. 1) at 9.) And that on February 4, 2014, plaintiffs were informed "in writing" that defendant "denied said loan modification application[.]" (Id. at 10.) In this regard, the complaint alleges that plaintiffs were aware of defendant's breach of the parties' alleged oral agreement on February 4, 2014, which started the limitations period running.[3]

Accordingly, the complaint's claims are time-barred and defendant's motion to dismiss must be granted.[4]

---

[3] Not only were plaintiffs aware of defendant's breach, plaintiffs filed a complaint on February 24, 2014, in the Placer County Superior Court based on essentially the same facts asserted in this action, alleging the three claims asserted in the complaint in this action, and arguing that plaintiffs were "damaged by not receiving the modification[.]" (Defs.' RJN (ECF No. 5-1) at 32.) The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases). Plaintiffs later dismissed that action without prejudice. (Id. at 37.)

[4] In light of this finding the court need not reach defendant's remaining arguments. However, the court will note that—even if plaintiffs' claims were not been time-barred—defendant's additional argument that plaintiffs' breach of contract claim is barred by the statute of frauds would be meritorious. (Def.'s MTD (ECF No. 5) at 11.) In this regard, an "alleged promise for a loan modification is subject to the statute of frauds. Absent a written agreement to modify the loan, any claim based upon an oral contract to modify the loan is barred by the statute of frauds." Clark v. Countrywide Home Loans, Inc., 732 F.Supp.2d 1038, 1044 (E.D. Cal. 2010).

**LEAVE TO AMEND**

For the reasons stated above, defendant's motion to dismiss will be granted. The undersigned has carefully considered whether plaintiffs could amend the complaint to state a claim upon which relief can be granted that is not barred by the applicable statute of limitations. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the complaint's allegations and plaintiffs' arguments in opposition, the court finds that granting plaintiffs' leave to amend would be futile.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Defendant's November 27, 2017 motion to dismiss (ECF No. 5), re-noticed on March 27, 2019 (ECF No. 16) is granted;

2. Plaintiffs' October 13, 2017 complaint (ECF No. 1) is dismissed without leave to amend; and

3. This action is closed.

Dated: January 20, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.consent/frost2428.mtd.ord

7